**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CASE NO.:

CENTURY SURETY COMPANY,

Plaintiff,

   v.

PLAYERS PALACE, LLC and
LEONA WOMACK

Defendants.
_____/

## **COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 1332, and files this action for declaratory relief, and states as follows:

### **Jurisdiction**

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.     In this action, Century seeks a declaration of its rights and obligations under an liability insurance policy issued to PLAYERS PALACE, LLC. ("Players Palace") with respect to certain bodily injury claims asserted by LEONA WOMACK ("Womack") arising out of a trip and fall accident that occurred on or about February 6, 2022[1].

3.     Specifically, Century seeks a declaration that it has no duty to defend or indemnify Players Palace in connection with the bodily injury claims asserted by Womack

---

[1] Womack's initial Complaint alleged February 7, 2022, as the date of the accident, and her Amended Complaint alleges the accident occurred on February 6, 2022.

currently pending in Case Number 2022-CA-000805 in the Circuit Court in and for Lake County, Florida styled: *Leona Womack v. Players Palace LLC* ("the Underlying Suit").

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

5.      All conditions precedent to the filing of this action have occurred, been performed, or have been waived.

### Venue

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Players Palace resides maintains its principal place of business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

### Parties

7.      Century is an insurance company incorporated in the State of Ohio with its principal place of business in the State of Michigan.  Accordingly, Century is a citizen of both Ohio and Michigan.

8.      Players Palace is a Florida for profit limited liability company with its principal place of business in Lake County, Florida.  Upon information and belief, the sole member of Players Palace is Entertainment Based, LLC, a Wyoming for profit limited liability company with its principal place of business in Sheridan, Wyoming.  Upon information and belief, the sole member of Entertainment Based, LLC is Andrew Pierce, an individual who resides in and is domiciled in Sheridan, Wyoming.   Accordingly, Players Palace is a citizen of both Florida and Wyoming.

2

9.      Ms. Womack is an individual who resides in and is domiciled in Lake County, Florida.  Accordingly, Ms. Womack is a citizen of Florida.

**General Allegations**

10.      Century issued Commercial General Liability Policy number CCP 1027672 to Players Palace LLC., effective from November 20, 2021 to November 20, 2022 ("the Policy"). The Policy is subject to a liability coverage limit of $1,000,000 for each occurrence and $2,000,000 in the aggregate, a $5,000 Medical Expense Limit and a $500 Bodily Injury Liability and Property Damage Liability combined deductible.   A copy of the Policy is attached hereto as *Exhibit "A."*

11.      The claims at issue arise out of a trip and fall accident that occurred on or about February 6, 2022 at a property located 13737 N. US Highway 441, Lady Lake, Florida 32159 ("the Property"), which allegedly resulted in significant injuries to Womack.

12.      On or about May 4, 2022, Womack filed the Underlying Suit against Players Palace alleging that Womack's injuries were caused by Players Palace's negligence.   The operative complaint in the Underlying Suit is the Amended Complaint, which was filed on or about December 30, 2022 ("the Amended Complaint").

13.      The Amended Complaint alleges that Players Palace controls and operates an electronic game room at the Property.

14.      The Amended Complaint alleges that Womack was a business invitee at the Property on the date of the accident at issue.

15.      While walking across the game room floor, Womack allegedly tripped over electrical cords and a metal covering, sustaining injuries.

16.    Womack alleges that Players Palace breached its duty to maintain the Property in a reasonably safe condition, breached its duty to correct known dangerous conditions and breached its duty to warn of dangerous conditions, resulting in injury to Womack.

17.    The Amended Complaint omits critical facts necessary to determine whether coverage exists under the Policy for the claims presented in the Underlying Suit.  Specifically, the Amended Complaint fails to allege that Womack was employed by Players Palace as a "gig worker" at the time of the incident and that she was working a scheduled shift at the time of the incident.

18.    Century is currently investigating the claims at issue and providing a defense to Players Palace subject to a full reservation of rights.

19.    The Century Policy contains the following pertinent terms, exclusions and definitions:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1.   **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

* * *

2. Exclusions

e. Employer's Liability

"Bodily injury" to:
(1) An "employee" of the insured arising out of and in the course of:

4

(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of the "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

## COVERAGE C – MEDICAL PAYMENTS

**1.  Insuring Agreement**

**a.**  We will pay medical expenses as described below for "bodily injury" caused by an accident:

  **(1)**  On premises you own or rent;

  **(2)**  On ways next to premises you own or rent; or

  **(3)**  Because of your operations;

  provided that:

   **(a)**  The accident takes place in the "coverage territory" and during the policy period;

   **(b)**  The expenses are incurred and reported to us within one year of the date of the accident; and

   **(c)**  The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.**  We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

  **(1)**  First aid administered at the time of an accident;

  **(2)**  Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and

  **(3)**  Necessary ambulance, hospital, professional nursing and funeral services.

\* \* \*

**2. Exclusions**
We will not pay expenses for "bodily injury":

b. Hired Person
To a person hired to do work for or on behalf of any insured or a tenant of any insured.

\* \* \*

**SECTION V – DEFINITIONS**

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

5

10.    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

* * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

19.    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20.    "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you , and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

* * *

**CGL 1701 (0917)**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

E. It is agreed that the following changes are made to SECTION V- DEFINITIONS:

The following definitions are deleted and entirely replaced:

1. Item 5., "Employee" is deleted in its entirety and replaced by the following:

5. "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker" .

* * *

## <u>Insurance Coverage Dispute</u>

20.    Century brings this action to obtain a judgment declaring that it has no duty to defend or indemnify its insured, Players Palace, with respect to the bodily injury claims asserted by Womack.

6

21.    There exists a bona fide actual present and practical need for the declaration of coverage available under the Policy and the rights and obligations of Century pursuant thereto.

22.    There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of Century under the Policy.

23.    The rights of Century under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

24.    Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

25.    All proper and present antagonistic or adverse interests are before the Court by proper process.

26.    All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

## COUNT I
## The Employer's Liability Exclusion – Coverage A

27.    Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 26 above, as is fully set forth herein.

28.    The Policy's Employer's Liability Exclusion bars coverage for "bodily injury" to an employee of the insured arising out of and in the course employment by the insured or performing duties related to the conduct of the insured's business.

29.    Form CGL 1701 0917 Special Exclusions and Limitations Endorsement modifies the definition of "employee" to include a "leased worker", a "temporary worker" and a "volunteer worker".

7

30.     Womack was working at Players Palace part-time at the time of the incident. Specifically, she was working on the game room floor serving customers of Players Palace.

31.     Womack was compensated by Players Palace for the work she performed for Players Palace.

32.     Womack was as an "employee," a "temporary worker" or a "volunteer worker" of Players Palace as those terms are defined in the Policy.

33.      The Policy's Employer's Liability Exclusion bars coverage for this claim under the Policy's Liability Coverage and the actual facts demonstrate that Players Palace is not entitled to a defense or indemnification.

34.     Accordingly, Century is entitled to a judgment in its favor declaring that there is no coverage available under Coverage A for the bodily injury claims asserted by Womack.

## COUNT II
## (The Hired Worker Exclusion – Coverage C)

35.     Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 26 above, as is fully set forth herein.

36.     The Policy's Hired Worker Exclusion bars coverage under Coverage C for expenses for "bodily injury" to a person hired to do work for or on behalf of any insured or a tenant of any insured

37.     Womack was hired to do work for or on behalf of Players Palace at the time of the incident at issue.

38.      Accordingly, Century is entitled to a judgment in its favor declaring that there is no coverage available under Coverage C for any expenses stemming from the bodily injuries sustained by Womack.

WHEREFORE the Century respectfully requests that this Court:

a)      determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b)      find and declare that Century has no duty to defend or indemnify Players Palace with respect to the bodily injury claims asserted by Womack in the Underlying Suit; and

d)       award Century its taxable costs incurred in prosecuting this declaratory action and grant such other and further relief as it deems proper under the circumstances.

Respectfully submitted,
BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey

KIMBERLY N. RAMEY, ESQ.
Florida Bar No.:  0044033
kramey@butler.legal
Secondary:    vturner@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900/Facsimile: (813) 281-0900
*Attorney for Plaintiff, Century Surety Company*

9